# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CHRISTINA EDWARDS,

    Plaintiff,

                              CASE NO.:

v.

FOCUS SERVICES, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christina Edwards, by and through undersigned counsel, brings this action against Defendant, Focus Services, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendent jurisdiction over Plaintiff's state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Duval County which is in this district.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida.

5. Defendant operates a call center in Jacksonville, in Duval County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

## FACTS

11. Plaintiff began working for Defendant on September 3, 2020 as Inbound Sales Associate, and she worked in this capacity until February 24, 2021.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

2

13. Plaintiff continues to suffer from the aforementioned physical or mental condition.

14. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

15. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

16. On or about September 3, 2020, Plaintiff notified Defendant of her condition through the application process and later when assigned to two different supervisors.

17. On or about January 2021, Plaintiff requested an accommodation from Defendant for her condition. Specifically, Plaintiff requested to work from home or to be absent on days that her disability precluded her from coming into the office.

18. Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

19. Instead, Defendant gave Plaintiff a final written warning.

20. Defendant's Human Resources also informed Plaintiff that she was "clearly not able to perform her job duties due to her disability."

21. However, Plaintiff requested a reasonable accommodation that would have allowed her to perform the essential functions of her job.

22. Upon information and belief, Defendant has permitted other sales associates to work from home.

23. On or about February 24, 2021, Plaintiff was hospitalized due to her disability.

24. Plaintiff communicated with her supervisor by text message and her supervisor told Plaintiff to resign instead of being terminated.

25. On or about February 24, 2021, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

26. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

27. On or about February 24, 2021, Defendant terminated Plaintiff's employment.

### COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29. Plaintiff is a member of a protected class under the ADA.

30. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

31. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Defendant.

32. Defendant's actions were willful and done with malice.

33. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and that this Court take jurisdiction over the case;
- c) That this Court enter an injunction restraining continued violation of the ADA;
- d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;
- e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;
- f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;
- g) Any other compensatory damages, including emotional distress, allowable at law;
- h) Punitive damages;
- i) Prejudgment interest on all monetary recovery obtained.
- j) All costs and attorney's fees incurred in prosecuting these claims; and

  k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

27. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

  (a) A jury trial on all issues so triable;

  (b) That process issues and that this Court take jurisdiction over the case;

  (c) An injunction restraining continued violation of law enumerated herein;

  (d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by denying her requested accommodation and terminating her employment.

36. Defendant's actions were willful and done with malice.

37. The adverse employment action that Defendant took against Plaintiff was material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

  i)  Punitive damages;

  j)  Prejudgment interest on all monetary recovery obtained.

  k)  All costs and attorney's fees incurred in prosecuting these claims; and

  l)  For such further relief as this Court deems just and equitable.

### COUNT IV – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

35. Plaintiff is a member of a protected class under the FCRA.

36. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) Compensation for lost wages, benefits, and other remuneration;

  d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  e) Any other compensatory damages, including emotional distress, allowable at law;

  f) Punitive damages;

  g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

39. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

40. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

41. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

48. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant and then terminated Plaintiff.

49. Defendant's actions were willful and done with malice.

50. Defendant took material adverse action against Plaintiff.

51. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

  e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

  f)  Front pay;

  g)  Any other compensatory damages, including emotional distress, allowable at law;

  h)  Punitive damages;

  i)  Prejudgment interest on all monetary recovery obtained.

  j)  All costs and attorney's fees incurred in prosecuting these claims; and

  k)  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of January, 2022.

               Respectfully submitted,

               */s/ Brandon J. Hill*
               **BRANDON J. HILL**
               Florida Bar Number: 0037061
               Direct Dial: 813-337-7992
               **AMANDA E. HEYSTEK**
               Florida Bar Number: 0285020
               Direct Dial: 813-379-2560
               **WENZEL FENTON CABASSA, P.A.**
               1110 N. Florida Avenue, Suite 300
               Tampa, Florida 33602

Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**